NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
IBN TAJSHAN BUTTS,                  :
                                    :
            Plaintiff,              :     Civil Case No. 09-5304(RBK)
                                    :
       v.                           :        O P I N I O N
                                    :
SUPERIOR COURT FAMILY               :
DIVISION,                           :
                                    :
            Defendant.              :
_____  :

APPEARANCES:

Ibn Tajshan Butts, Pro Se
# 178465
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

KUGLER, District Judge

        Plaintiff, Ibn Tajshan Butts, currently incarcerated at the

Atlantic County Justice Facility, Mays Landing, New Jersey, seeks

to bring this action in forma pauperis, without prepayment of

fees, pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's

affidavit of indigence and institutional account statement, the

Court will grant his application to proceed in forma pauperis,

pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court

to file the complaint.

        At this time, the Court must review the complaint, pursuant

to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it

should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it
seeks monetary relief from a defendant who is immune from such
relief.  For the following reasons, Plaintiff's complaint will be
dismissed.

## BACKGROUND

Plaintiff states that on September 28, 2009, Judge Jackson
of the Superior Court of New Jersey Family Division "held [him]
in custody of Atlantic County Jail because [he] cannot pay
$1080.00 a month [child support] without a job."  Plaintiff
further states:

> What crime did I commit.  Never once was mentioned all
> the years I had my checks garnished, but now with no
> job, they keep locking me up. For what crime.  I am
> unable to pay.  I HAVE NO JOB.

(Complt., ¶ 4).  Plaintiff seeks to "sue the courthouse," and
contends that the law should be changed to take into account how
fathers with no jobs are treated.  (Complt., ¶ 5).

## DISCUSSION

### A.   Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub. L. No.
104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26,
1996), requires a district court to review a complaint in a civil
action in which a prisoner is proceeding in forma pauperis or
seeks redress against a governmental employee or entity.  The
Court is required to identify cognizable claims and to sua sponte
dismiss any claim that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

3

relief." Fed. R. Civ. P. 8(a)(2).[1]  Citing its recent opinion in

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the

proposition that "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting

Twombly, 550 U.S. at 555), the Supreme Court held that, to

prevent a summary dismissal, a civil complaint must now allege

"sufficient factual matter" to show that the claim is facially

plausible.  This then "allows the court to draw the reasonable

inference that the defendant is liable for the misconduct

alleged."  See id. at 1948.  The Supreme Court's ruling in Iqbal

emphasizes that a plaintiff must demonstrate that the allegations

of his complaint are plausible.  See id. at 1949-50; see also

Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578

F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his or her constitutional

rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be
simple, concise, and direct.  No technical form is required."
Fed. R. Civ. P. 8(d).

> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Complaint Will Be Dismissed.**

1.   Release

Liberally construing the complaint, Plaintiff seeks to be released due to the fact that he cannot pay his child support payments; however, release is not proper relief in a § 1983 action.  In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination

5

that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In this case, as Plaintiff seeks immediate release, he must file a habeas petition, pursuant to 28 U.S.C. § 2254, after exhaustion of his state court proceedings.  Therefore, in accordance with Preiser, the claims presented in the petition are dismissable for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

    2.  Rooker-Feldmen Doctrine

Plaintiff challenges the Superior Court judge's decision to have him remanded to jail for failure to pay child support, alleging that he does not have a job and he cannot pay.  As the issue has been raised in the state courts, and adjudicated, this Court will not interfere with the state process.

A federal district court lacks jurisdiction to directly review judgments of state courts.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) (the "Rooker-Feldman doctrine").  The Rooker-Feldman doctrine bars district courts from "entertain[ing] constitutional claims that have been previously adjudicated in state court or that are inextricably

6

intertwined with a state adjudication."  Whiteford v. Reed, 155

F.3d 671, 673-74 (3d Cir. 1998)(citations omitted).  "A federal

claim is inextricably intertwined with a prior state adjudication

if 'the federal claim succeeds only to the extent that the state

court wrongly decided the issues before it . . . .'"  Gulla v.

North Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998)(quoting

FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840

(3d Cir. 1996)). The Rooker-Feldman doctrine applies if, in order

to grant the plaintiff the relief sought, the federal district

court must determine that the state court's decision is wrong or

such relief would void the state court's ruling.  See  Gulla, 146

F.3d at 171; FOCUS, 75 F.3d at 840.  Here, Plaintiff alleges

facts indicating that his complaint directly challenges the state

court's ruling.  A finding by this Court in Plaintiff's favor

would necessarily invalidate the state court's decision.

Therefore, pursuant to the Rooker-Feldman doctrine,

Plaintiff's claim is not cognizable in this civil rights action.

Plaintiff may appeal the decision of the state judge in the state

appellate courts if he so chooses.

   3.   Plaintiff has not named Proper Defendants.

Further, Plaintiff's claims against the Superior Court of

New Jersey cannot be recognized under § 1983 since a court is not

a "person" subject to suit under 42 U.S.C. § 1983.  See Will v.

Michigan Dep't of State Police, 491 U.S. 58 (1989); Monell v.

<u>Dep't of Social Services of City of New York</u>, 436 U.S. 658, 688-90 (1978). Since the Court is not a proper defendant to this action, all claims against the Court should be dismissed for failure to state a claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

While the caption does not name Judge Jackson as a defendant, Plaintiff names him within his complaint and supporting papers.  However, judges are immune from suit under § 1983.  <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9 (1991)(holding that judges are entitled to absolute immunity from § 1983 suits based on actions taken in their official judicial capacity).

Because Plaintiff has not alleged facts indicating a constitutional violation, and because Plaintiff names defendants not subject to suit under § 1983, his complaint must be dismissed.  The Court of Appeals for the Third Circuit has held that "an indigent plaintiff who has filed a complaint subject to dismissal under § 1915 should be given an opportunity to file an amended complaint unless amendment would be inequitable or futile."  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-11 (3d Cir. 2002).  In this case, amendment appears to be futile as Plaintiff's claims challenging his incarceration for failure to pay child support should be brought before the state appellate courts.  Alternatively, if Plaintiff seeks to challenge his custody by filing a writ of habeas corpus, pursuant to 28

8

U.S.C. § 2254, he cannot do so until he has exhausted all state court remedies.

### CONCLUSION

Based upon the foregoing, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The Court will file an appropriate order.


s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge


Dated: April 13, 2010

9